UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA, )
)
v. ) Criminal No. 08-0118-5 (PLF)
)
EDWARD TYRONE FARLEY, )
)
Defendant. )
)

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on defendant Edward Tyrone Farley's pro se motion for retroactive application of the Sentencing Guidelines to his conviction under Amendment 782 to the Sentencing Guidelines and 18 U.S.C. § 3582 ("Section 3582 Mot.") [Dkt. No. 212] and his pro se motion pursuant to Rule 60(d) of the Federal Rules of Civil Procedure ("Rule 60(d) Mot.") [Dkt. No. 214]. The government opposes both motions. See United States' Opp. to Dkt. Nos. 212 and 214 ("Opp.") [Dkt. No. 216]. Because Mr. Farley is proceeding pro se in this matter, the Court wishes to make Mr. Farley aware of his opportunity to reply to the government's consolidated Opposition on or before January 31, 2018.

Mr. Farley's Section 3582 motion [Dkt. No. 212] seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the drug quantity tables in the Sentencing Guidelines, made retroactive by Amendment 788. The government responds that the amendments have no impact on Mr. Farley's sentence because his offense level was determined by his designation as a career offender under Section 4B1.1 of the Sentencing Guidelines and not by drug quantity. See Opp. at 7-8 [Dkt. No. 216].

Mr. Farley's Rule 60(d) motion [Dkt. No. 214] seeks two forms of relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. First, Mr. Farley requests a reduction in his offense level based on Amendment 794 to Section 3B1.2 of the Sentencing Guidelines, the sentencing guideline section that provides a downward offense level adjustment if a defendant was a minimal or minor participant in criminal activity. See Rule 60(d) Mot. at 3-9 [Dkt. No. 214]. The government suggests that this portion of the motion should be construed as a claim under Section 3582(c)(2) and denied because Amendment 794 has not been made retroactively applicable on collateral review. See Opp. at 13-15 [Dkt. No. 216].

Second, Mr. Farley challenges the three-point increase to his offense level for his role as a supervisor or manager in the criminal conduct. See Rule 60(d) Mot. at 1-2, 5-6 [Dkt. No. 214]. The government suggests that this portion of the motion should be recharacterized as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Opp. at 11-13 [Dkt. No. 216]. The government further asserts that the claim is untimely and does not entitle Mr. Farley to relief due to his designation as a career offender. Id. at 13.

Before deciding whether to recharacterize this second claim as a Section 2255 claim, the Court must first issue warnings in accordance with Castro v. United States, 540 U.S. 375, 383 (2003). Accordingly, Mr. Farley is hereby notified that if the Court treats his challenge to the supervisor/manager enhancement in his Rule 60(d) motion [Dkt. No. 214] as his first Section 2255 motion, any subsequent Section 2255 motion will be subject to the restrictions on "second or successive" motions. Id. In such case, Mr. Farley will not be permitted to file any further motions challenging his conviction or sentence unless the U.S. Court of Appeals for the District of Columbia Circuit authorizes him to file such a motion. The Court of Appeals will not authorize him to file a second or successive Section 2255 motion unless the motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Mr. Farley guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable. See 28 U.S.C. § 2255(h). The motion will be subject to a one-year period of limitations that requires dismissal unless the motion is filed within one year of the latest of the dates listed in Section 2255(f). Based on the consequences that may result if the Court recharacterizes this claim as a Section 2255 claim, the Court hereby affords Mr. Farley the opportunity either (1) to withdraw his claim challenging the supervisor/manager enhancement, or (2) to amend it so that it contains all of the claims that he believes he may have to challenge his conviction or sentence. Accordingly, it is hereby

ORDERED that Mr. Farley may submit a consolidated reply with respect to his Section 3582 motion [Dkt. No. 212] and his Rule 60(d) motion [Dkt. No. 214] on or before January 31, 2018. In particular, the consolidated reply may address the government's arguments raised in its Opposition [Dkt. No. 216], and further may either (1) withdraw the portion of the Rule 60(d) motion [Dkt. No. 214] challenging the supervisor/manager enhancement, or (2) amend it so that it contains all of the claims that Mr. Farley believes he may have to

challenge his conviction or sentence. If the Court does not receive a timely reply from Mr. Farley, the Court may, if appropriate, recharacterize the portion of the Rule 60(d) motion [Dkt. No. 214] challenging the supervisor/manager enhancement as a motion filed under Section 2255.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12/27/17