UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 08-0118-5 (PLF) |
| | ) | |
| EDWARD TYRONE FARLEY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

The matters before the Court are defendant Edward Tyrone Farley's pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines [Dkt. No. 212], and his pro se motion seeking various forms of relief under Rule 60(d) of the Federal Rules of Civil Procedure [Dkt. No. 214]. The United States opposes both motions. Upon careful consideration of the parties' written submissions, the relevant legal authorities, and the entire record in this case, the Court will deny both motions.[1]

---

[1] In connection with the pending motions, the Court has reviewed the following filings, including the exhibits attached thereto: the Indictment [Dkt. No. 3]; the January 6, 2009 Plea Agreement ("Plea") [Dkt. No. 104]; the June 23, 2009 Presentence Investigation Report ("PSR") [Dkt. No. 162]; the June 30, 2009 Judgment ("Judgment") [Dkt. No. 167]; Mr. Farley's Letter Motion for Retroactive Reduction of Sentence [Dkt. No. 202]; Mr. Farley's Motion for Retroactive Application of Sentencing Guidelines Under 18 U.S.C. § 3582 ("Section 3582 Mot.") [Dkt. No. 212]; Mr. Farley's Motion Pursuant to Rule 60(d) of the Federal Rules of Civil Procedure For Minor Role Reduction Under Amendment 794 ("Rule 60 Mot.") [Dkt. No. 214]; the October 3, 2017 Probation Memorandum ("Probation Mem.") [Dkt. No. 215]; United States' Consolidated Opposition to Section 3582 Motion and Rule 60 Motion ("Opp'n") [Dkt. No. 216]; and December 27, 2017 Memorandum Opinion and Order ("Dec. 27, 2017 Mem. Op. & Order") [Dkt. No. 217].

I.  BACKGROUND

In January 2009, Mr. Farley entered a plea of guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  See Plea ¶ 1.  As part of the plea agreement, Mr. Farley acknowledged responsibility for at least one kilogram, but less than three kilograms, of heroin.  See id. ¶ 2.

The presentence investigation report prepared by the Probation Office reflected a base offense level of 32, plus a three-level enhancement for Mr. Farley's role as a supervisor or manager in the criminal activity, for an adjusted offense level of 35.  See PSR ¶¶ 32, 35.  Because Mr. Farley qualified as a career offender under Section 4B1.1 of the Sentencing Guidelines, however, the presentence investigation report set an adjusted offense level of 37 and a criminal history category of VI.  See id. ¶¶ 38, 55.  Mr. Farley received a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 34.  See id. ¶¶ 39-40.  With a total offense level of 34 and a criminal history category of VI, Mr. Farley's guidelines sentencing range was 262 to 327 months.  See id. ¶ 108.  In making its own independent guidelines determination, as required by law, the Court agreed with the calculations made by the Probation Office.  In the Rule 11(c)(1)(C) plea agreement, however, Mr. Farley and the United States agreed to a below-guidelines sentence of 180 months.  See Plea ¶ 3.  On June 30, 2009, Judge James Robertson accepted the plea and imposed a sentence of 180 months' imprisonment.  See Judgment at 2.

## II. DISCUSSION

### A. Section 3582 Motion Based on Amendment 782

Mr. Farley moves for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the drug quantity tables in the Sentencing Guidelines, an amendment which was made retroactive by Amendment 788. See Section 3582 Mot. at 1-2. Amendment 782 reduced by two levels the base offense levels for certain controlled substance offenses. See U.S.S.G. app. C, amends. 782 (reduction), 788 (making Amendment 782 retroactive). The United States opposes the requested sentence reduction on the ground that Mr. Farley's offense level was determined by his designation as a career offender under Section 4B1.1 of the Sentencing Guidelines – the career offender guideline – rather than by drug quantity. See Opp'n at 6-8. Mr. Farley, in turn, challenges his designation as a career offender on the ground that his prior controlled substance offenses are too dated to constitute valid career offender predicate offenses. See 3582 Mot. at 3-4.

Under 18 U.S.C. § 3582(c)(2), the Court may modify a sentence when the defendant was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. See Dillon v. United States, 560 U.S. 817, 819 (2010). Any sentence modification under Section 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. at 821 (quoting 18 U.S.C. § 3582(c)(2)). The Court must first determine whether the defendant is eligible for a sentence modification under Section 3582(c)(2), and then determine, in its discretion, whether a reduction in the sentence is warranted considering the factors enumerated in 18 U.S.C. § 3553(a). See United States v. Butler, 130 F. Supp. 3d 317, 319-20 (D.D.C. 2015), aff'd sub nom. United States v. Jones, 846 F.3d 366 (D.C. Cir. 2017). To be eligible for a sentence modification under

3

Section 3582(c)(2), a defendant must show that he was initially sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and that the modification is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see Hughes v. United States, 138 S. Ct. 1765, 1773, 1775 (2018); Koons v. United States, 138 S. Ct. 1783, 1786-87 (2018); Dillon v. United States, 560 U.S. at 819.

The policy statement applicable to this case – Section 1B1.10 of the Sentencing Guidelines – provides that a sentence reduction "is not consistent with this policy statement and therefore is not authorized by Section 3582(c)(2)" if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." See U.S.S.G. § 1B1.10(a)(2)(B). For a defendant who qualifies as a career offender, the "applicable guideline range" referenced in Section 1B1.10 is the range provided by the career offender provision of the Sentencing Guidelines, not the drug quantity tables. See United States v. Akers, 892 F.3d 432, 434 (D.C. Cir. 2018) (citing United States v. Berry, 618 F.3d 13, 18 (D.C. Cir. 2010)).

Here, Amendment 782 does not have the effect of lowering Mr. Farley's "applicable guideline range" because he was designated as a career offender under the Sentencing Guidelines. His career offender designation resulted in an offense level of 37 and a criminal history category of VI, regardless of the quantity of drugs that he acknowledged in his plea agreement. See U.S.S.G. § 4B1.1. He then received a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 34. See PSR ¶¶ 39-40. Because of Mr. Farley's designation as a career offender, the drug quantity guidelines played no role in determining Mr. Farley's sentence. See United States v. Akers, 892 F.3d at 434. Mr. Farley's "applicable guideline range" therefore remains unchanged by the revised drug quantity tables

4

under Amendment 782: his offense level remains 34, his criminal history category remains VI, and his applicable guidelines sentencing range remains 262 to 327 months. Because Amendment 782 has no impact on Mr. Farley's applicable guidelines sentencing range, he is not eligible for the requested sentence modification under Section 3582(c)(2). See, e.g., United States v. Akers, 892 F.3d at 434 (affirming district court's determination that career offender was not eligible for sentence reduction based on Amendment 782); United States v. Perez, No. 09-0293, 2017 WL 3446757, at *2 (D.D.C. Aug. 9, 2017); United States v. King-Gore, No. 12-0023-01, 2016 WL 10951263, at *2 (D.D.C. Apr. 19, 2016); United States v. Clipper, 179 F. Supp. 3d 110, 117 (D.D.C. 2016).

Mr. Farley challenges his designation as a career offender on the ground that his prior controlled substance offenses are too dated to constitute valid career offender predicate offenses. See Section 3582 Mot. at 3-4. This argument is unavailing. A defendant is a career offender under Section 4B1.1 of the Sentencing Guidelines if: (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1(a). Under Section 4A1.2(e)(1) of the Sentencing Guidelines, the career offender designation may be applied if the sentences for the two prior felony convictions "exceed[] one year and one month" and were "imposed within fifteen years of the defendant's commencement of the instant offense," and any "prior sentence of imprisonment exceeding one year and one month, whenever imposed, . . . resulted in the defendant being incarcerated during any part of such fifteen-year period." Id. § 4A1.2(e); see id. § 4B1.2, application note 3.

5

Applying those factors here, Mr. Farley was approximately 45 years old in April 2007 when the instant conspiracy offense began, the instant conviction is for felony conspiracy heroin distribution, and Mr. Farley has two prior felony convictions for cocaine distribution. See PSR ¶¶ 3, 20, 38, 48-49. The sentences for the two prior felony convictions were imposed in May 1992 and August 1992, respectively, and each sentence exceeded one year and one month. See id. ¶¶ 48-49. Because Mr. Farley committed the instant offense beginning in April 2007, the sentences for these 1992 felony convictions were imposed "within fifteen years of the defendant's commencement of the instant offense." See U.S.S.G. § 4A1.2(e). In addition, in view of the fact that Mr. Farley was released on parole in July 2006 for both 1992 felony convictions, see PSR ¶¶ 48-49, he was subject to a "prior sentence of imprisonment exceeding one year . . . whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." See U.S.S.G. § 4A1.2(e). Accordingly, the 1992 felony convictions are appropriate predicate offenses for Mr. Farley's career offender designation. See United States v. Clipper, 179 F. Supp. 3d at 117 (rejecting challenge to career offender designation raised in Section 3582(c)(2) motion). Mr. Farley therefore is not eligible for a sentence modification based on a retroactive application of Amendment 782.

### B. Rule 60 Motion

Mr. Farley seeks two forms of relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. See Rule 60 Mot.[2]

---

[2] Mr. Farley brings his motion under Rule 60(d) of the Federal Rules of Civil Procedure, which permits parties to bring an equitable "independent action" for relief from judgment. See FED. R. CIV. P. 60(d)(1); see also Brodie v. Dep't of Health & Human Servs., 951 F. Supp. 2d 108, 114-15 (D.D.C. 2013). For the reasons that follow, however, it does not matter whether the Court considers the motion under Rule 60(d) or 60(b).

First, Mr. Farley seeks a sentence reduction based on Amendment 794 to Section 3B1.2 of the Sentencing Guidelines, the provision that permits a downward offense level adjustment if the defendant was a minimal or minor participant in the criminal activity. Second, he challenges the three-level increase to his offense level for his role as a supervisor or manager in the criminal activity. Because Mr. Farley is proceeding pro se in this matter, the Court will consider these requests in light of the two methods through which a district court may modify a previously-imposed sentence: (1) a motion brought under 18 U.S.C. § 3582(c)(2); and (2) a motion brought under 28 U.S.C. § 2255. See United States v. Pletnyov, 47 F. Supp. 3d 76, 78 (D.D.C. 2014) ("Regardless of how a [pro se] prisoner styles his motion, a court must review the motion based on its substance.") (quoting United States v. Akers, 519 F. Supp. 2d 94, 95 (D.D.C. 2007)). For the reasons that follow, neither provision entitles Mr. Farley to the relief he requests.

1. Request for Minimal or Minor Role Sentencing Adjustment
Pursuant to 18 U.S.C. § 3582(c)(2)

Mr. Farley requests a reduction in his offense level based on Amendment 794 to Section 3B1.2 of the Sentencing Guidelines, the provision that permits a downward offense level adjustment if the defendant was a minimal or minor participant in the criminal activity. See Rule 60 Mot. at 1-2, 5-6. To the extent that Mr. Farley seeks a sentence modification in light of a subsequent change to the Sentencing Guidelines regarding minimal or minor participants in criminal conduct, the Court will construe this request as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). See, e.g., United States v. Amaya-Ortiz, 296 F. Supp. 3d 21, 24 (D.D.C. 2017) (construing pro se defendant's request for relief pursuant to Amendment 794 as a motion for sentence modification under Section 3582(c)(2)); United States v. Henriquez, 305 F. Supp. 3d 123, 124-25 (D.D.C. 2018) (same).

Mr. Farley is not eligible for a sentence modification under Section 3582(c)(2) because the Sentencing Commission has not given Amendment 794 retroactive effect. Section 1B1.10(d) of the Sentencing Guidelines lists the amendments that the Sentencing Commission has determined should be given retroactive effect. See United States v. Williams, 495 F. App'x 96, 97 (D.C. Cir. 2013) (citing Dillon v. United States, 560 U.S. at 826). Amendment 794 is not included in that list. Although some courts have held that Amendment 794 is a clarifying amendment and thus retroactively applicable on direct review, see United States v. Quintero-Leyva, 823 F.3d 519, 522-23 (9th Cir. 2016), no court to date has held that Amendment 794 is retroactively applicable on collateral review. Because the Sentencing Commission has not designated Amendment 794 as one that should be applied retroactively, Mr. Farley is not entitled to a sentence modification under 18 U.S.C. § 3582(c)(2). See United States v. Amaya-Ortiz, 296 F. Supp. 3d at 26-27 (declining to apply Amendment 794 retroactively on collateral review because it was not listed as eligible for retroactive effect in Section 1B1.10(d) of the Sentencing Guidelines).

Even if Amendment 794 were retroactively applicable on collateral review, Mr. Farley would not be entitled to relief because a guidelines calculation based on amended Section 3B2.1 would not change Mr. Farley's applicable guidelines sentencing range under the Sentencing Guidelines. Mr. Farley's offense level was determined by his designation as a career offender pursuant to Section 4B1.1 of the Sentencing Guidelines. For the same reasons discussed in connection with Mr. Farley's Section 3582(c)(2) motion based on Amendment 782, see supra at 4-5, the application of the minimal or minor role adjustment would not affect his applicable career offender guidelines sentencing range. Mr. Farley thus is not eligible for relief under Section 3582(c)(2) based on a retroactive application of Amendment 794.

8

## 2. Challenge to Supervisor or Manager Sentencing Enhancement Pursuant to 28 U.S.C. § 2255

Mr. Farley challenges the three-level increase to his offense level for his role as a supervisor or manager in the criminal conduct. See Rule 60 Mot. at 1-2, 5-6. He argues that the application of the supervisor or manager sentencing enhancement under Section 3B1.1 of the Sentencing Guidelines "fails to take into account [his] role in the relevant conduct." See id. at 1-2. To the extent that Mr. Farley challenges the legal basis of his sentence based on the application of the supervisor or manager sentencing enhancement, the Court will construe this claim as a motion to vacate, set aside, or correct Mr. Farley's sentence pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Akers, 519 F. Supp. 2d at 95 (construing pro se Rule 60(b) motion as a successive Section 2255 motion); United States v. Tchibassa, 762 F. Supp. 2d 3, 7 (D.D.C. 2011); Prepetit v. United States, 639 F. Supp. 2d 49, 50-51 (D.D.C. 2009).

The Court notes that prior to considering this portion of Mr. Farley's Rule 60 motion and construing it as his first Section 2255 motion, the Court issued the following warning to Mr. Farley pursuant to United States v. Castro, 540 U.S. 375 (2003):

> Mr. Farley is hereby notified that if the Court treats his challenge to the supervisor/manager enhancement in his Rule 60(d) motion [Dkt. No. 214] as his first Section 2255 motion, any subsequent Section 2255 motion will be subject to the restrictions on "second or successive" motions. [United States v. Castro, 540 U.S. at 383]. In such case, Mr. Farley will not be permitted to file any further motions challenging his conviction or sentence unless the U.S. Court of Appeals for the District of Columbia Circuit authorizes him to file such a motion. The Court of Appeals will not authorize him to file a second or successive Section 2255 motion unless the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Mr. Farley guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable. See 28 U.S.C. § 2255(h). The motion will be subject

> to a one-year period of limitations that requires dismissal unless the motion is filed within one year of the latest of the dates listed in Section 2255(f). Based on the consequences that may result if the Court recharacterizes this claim as a Section 2255 claim, the Court hereby affords Mr. Farley the opportunity either (1) to withdraw his claim challenging the supervisor/manager enhancement, or (2) to amend it so that it contains all of the claims that he believes he may have to challenge his conviction or sentence.

See Dec. 27, 2017 Mem. Op. & Order. Mr. Farley did not respond to this Castro warning.

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may move the court to vacate, set aside, or correct the sentence if the prisoner believes that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). But the Court must first determine whether the motion is timely, because the statute imposes a one-year statute of limitations on such motions. Untimely motions, absent equitable tolling, are time-barred and must be dismissed. See United States v. Hayes, 255 F. Supp. 3d 216, 219 (D.D.C. 2017). The one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Farley was sentenced on June 30, 2009 and did not appeal his sentence or conviction. He did not file the instant collateral attack motion until September 18, 2017, which is more than one year after his conviction became final. See e.g., United States v. Amaya-Ortiz, 296 F. Supp. 3d at 24 n.3; Danson v. United States, No. 10-0051, 2017 WL 6209823, at *3 (D.D.C. Dec. 7, 2017); United States v. Hayes, 255 F. Supp. 3d at 219. The circumstances that trigger the one-year limitations period at a later date do not apply here. Mr. Farley does not assert any rights "newly recognized by the Supreme Court." See 28 U.S.C. § 2255(f)(3). Nor does he suggest that governmental action prevented him from making these claims earlier or that any facts supporting his claims only recently came to light. See id. § 2255(f)(2), (4). Mr. Farley's motion therefore is untimely.

Although Mr. Farley's motion is time-barred under the plain language of the statute, there are two potential avenues through which his Section 2255 motion could be considered on the merits: (1) equitable tolling; and (2) a credible showing of actual innocence. See United States v. Allen, 241 F. Supp. 3d 101, 105 (D.D.C. 2017). Equitable tolling can extend the one-year limitations period if a defendant establishes two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way that prevented timely filing." See United States v. McDade, 699 F.3d 499, 504 (D.C. Cir. 2012) (internal quotation marks and citations omitted); see also United States v. Peterson, 916 F. Supp. 2d 102, 106 (D.D.C. 2013).

Here, Mr. Farley has not shown that he has been pursuing his rights diligently, nor has he alleged any extraordinary circumstance that prevented him from filing his motion in a timely manner. While the Court acknowledges that Mr. Farley is incarcerated and is proceeding pro se in this matter, Mr. Farley has not attempted to explain why he waited until September

2017 – eight years after his conviction became final – to file this collateral attack challenging the application of the supervisor or manager sentencing enhancement. See United States v. Lawson, 608 F. Supp. 2d 58, 62 (D.D.C. 2009) (holding that "failure to meet the statutory deadline due to pro se representation is not a circumstance in which it is appropriate to toll the statute of limitations"); see also United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) ("The prisoner's ignorance of the law or unfamiliarity with the legal process will not excuse his untimely filing, nor will a lack of representation during the applicable filing period."). Because the Court is not persuaded that Mr. Farley has diligently pursued his rights or that any extraordinary circumstances stood in the way of his doing so, Mr. Farley does not qualify for equitable tolling. See United States v. Allen, No. 03-0557-1, 2016 WL 4099037, at *2 (D.D.C. Aug. 2, 2016).

Mr. Farley also has failed to establish a credible showing of actual innocence to overcome the one-year limitations period. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). But this standard is demanding: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." See id. at 386-87 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Mr. Farley fails to identify any new evidence unavailable to him at the time of his plea to establish his actual innocence sufficient to pass through this gateway. Mr. Farley argues that although the presentence investigation report "alleged that he advised co-defendant 'Shannon,'. . . Shannon also supplied [Mr. Farley] with heroin quantities." See Rule 60 Mot. at

12

5-6.  He further argues that he "had no occasion to supervise or manage Shannon's activities in this case" and did not give her orders, but rather provided only advice on whom to trust.  See id. at 9.  There is no suggestion, however, that these allegations constitute "new evidence" that was unavailable at the time of the plea.  Mr. Farley thus has failed to demonstrate a "credible showing of actual innocence [to] allow [him] to pursue his constitutional claims" despite the passage of the one-year limitations period.  See McQuiggan v. Perkins, 569 U.S. at 392; see also United States v. Allen, 2016 WL 4099037, at *2.  The Court will deny Mr. Farley's Section 2255 motion as time-barred.

III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Mr. Farley's pro se motion [Dkt. No. 212] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines is DENIED; and it is

FURTHER ORDERED that Mr. Farley's pro se motion [Dkt. No. 214] seeking relief under Rule 60 of the Federal Rules of Civil Procedure is DENIED.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  October 4, 2018