UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
|  | ) | Criminal No. 08-0118-(5) (PLF) |
| EDWARD TYRONE FARLEY | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Pending before this Court is defendant Edward Farley's Pro Se Motion for Compassionate Release ("Pro Se Mot.") [Dkt. No. 227]. Mr. Farley contends that he is at a high risk of contracting the novel coronavirus ("COVID-19") and requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Reply in Support of Motion for Compassionate Release ("Def.'s Reply") [Dkt. No. 232] at 1. The government opposes this motion. Government's Opposition to Defendant's Motion to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A) ("Gov't Opp.") [Dkt. No. 228]. For the reasons that follow, the Court will grant Mr. Farley's motion for compassionate release.[1]

---

[1] The Court has reviewed the following documents in connection with the pending motion: Superseding Indictment [Dkt. No. 46]; Plea Agreement as to Edward Farley ("Plea Agrmt.") [Dkt. No. 104]; Judgment [Dkt. No. 167]; Statement of Reasons [Dkt. No. 168]; Pro Se Motion for Compassionate Release ("Pro Se Mot.") [Dkt. No. 227]; Government's Opposition to Defendant's Motion to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A) ("Gov't Opp.") [Dkt. No. 228]; Government's Update Regarding Its Opposition to Defendant's Pro Se Motion to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A) ("Gov't Supp.") [Dkt. No. 229]; Reply in Support of Motion for Compassionate Release ("Def.'s Reply") [Dkt. No. 232]; and Defendant's Sealed Exhibit C – Medical Records ("Def.'s Sealed Ex.") [Dkt. No. 235].

I.  BACKGROUND

On October 23, 2008, a federal grand jury in the District of Columbia returned a thirty-nine count Superseding Indictment for multiple individuals, including the defendant, Edward Farley.  Superseding Indictment at 1-9.  On January 6, 2009, defendant Edward Farley pled guilty under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to Count One of the Superseding Indictment, Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. § 841(a)(1) and § 846. Judgment at 1; see also Plea Agrmt. ¶ 1; Superseding Indictment at 1-2.  At sentencing on June 30, 2009, Judge James Robertson sentenced Mr. Farley pursuant to the binding plea agreement to 180 months of incarceration and a period of sixty months of supervised release.  Judgment at 2-3.

Mr. Farley, now fifty-eight years old, is serving the remainder of his sentence at FCI Fort Dix.  Def.'s Reply at 1.  Mr. Farley has already served approximately 95% of his fifteen year sentence.  Id.  According to defendant's Reply, as of August 7, 2020, FCI Fort Dix reported forty-four positive cases of coronavirus at its facilities (thirty-nine inmates and five staff members), but has only tested approximately 12% of the inmates in its custody.  Id.  Mr. Farley contends that he suffers from several medical conditions which make him particularly vulnerable to COVID-19.  Id.  Mr. Farley suffers from Type 2 diabetes mellitus, hypertension, atherosclerosis, and obesity.  Id.  Because of these circumstances, Mr. Farley submitted a compassionate release request to FCI Fort Dix on June 15, 2020, and has received no response.  Id. at 4.  He now moves for a reduction of his sentence to time served pursuant to 18 U.S.C § 3582(c)(1)(A)(i).  Def.'s Reply at 1, 5.

II.  LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, 564 U.S. 522, 526 (2011) (internal quotation marks and citation omitted).  One such exception is codified as 18 U.S.C. § 3582(c)(1)(A).  As modified by the First Step Act in 2018, Section 3582(c)(1)(A) allows courts to modify a sentence upon motion by a defendant once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request." 18 U.S.C. § 3582(c)(1)(A).  Mr. Farley submitted a request for compassionate release to the warden on June 15, 2020, and therefore has exhausted his administrative remedies.

Once the exhaustion requirement has been met, a defendant must show that "extraordinary and compelling reasons warrant such a reduction," and that a sentence reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has stated that "extraordinary and compelling reasons" exist where the defendant is "suffering from a serious physical or mental condition" or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I), (III).  The Sentencing Commission has acknowledged, however, that there may be "[o]ther [r]easons" presenting "an extraordinary and compelling reason other than, or in combination with, the reasons described" elsewhere in the commentary. United States v. Morris, Criminal No. 12-154, 2020 U.S. Dist. LEXIS 91040, at *20 (D.D.C. May 24, 2020) (quoting U.S.S.G. § 1B1.13 cmt.

n.1(D)). To that end, the COVID-19 pandemic falls under such an "other reason" that may present an "extraordinary and compelling reason" for a sentence reduction. United States v. Morris, 2020 U.S. Dist. LEXIS 91040, at *20.

The statute and the policy statement further instruct the Court to consider the sentencing factors set out in 18 U.S.C. § 3553(a) "to the extent that they are applicable." U.S.S.G. § 1B1.13; see also 18 U.S.C. § 3582(c)(1)(A). The Court must consider these factors "with an eye toward whether it is necessary to maintain the prior term of imprisonment despite the extraordinary and compelling reasons to modify the defendant's sentence." United States v. Johnson, Criminal No. 15-125, 2020 U.S. Dist. LEXIS 86309, at *13 (D.D.C. May 16, 2020).

### III.  DISCUSSION

Mr. Farley's underlying medical conditions, which increase his potential for contracting COVID-19, and the current state of the virus at FCI Fort Dix, are "extraordinary and compelling" circumstances warranting a sentence reduction. In addition, Mr. Farley's individual circumstances are consistent with the sentencing factors set out in 18 U.S.C. § 3553(a) because he has severed almost 95% of his sentence; and he has done so with an exemplary disciplinary record.

Mr. Farley suffers from Type 2 diabetes mellitus, hypertension, atherosclerosis, and obesity. Def.'s Reply at 6-10. According to the CDC, these ailments could place him at a higher risk of developing COVID-19. See Groups at Higher Risk for Severe Illness, CENTER FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. The danger to Mr. Farley is compounded by the positive COVID-19 cases present at FCI Fort Dix. See Def.'s Reply at 1. According to the defendant, as of August 7, 2020, only 297 out of 2,497 inmates at FCI Fort Dix have been tested

4

for COVID-19 – less than 12% of its population.  Id.  From FCI Fort Dix's testing, thirty-nine inmates and five staff members have tested positive for COVID-19.  Id.  Mr. Farley contends, and this Court agrees, that this data "suggest[s] there are many more undetected cases within the prison."  Id.  Mr. Farley's underlying medical conditions and the current outbreak of the virus at FCI Fort Dix are "extraordinary and compelling" circumstances warranting a sentence reduction.

Reducing Mr. Farley's sentence would also be consistent with the Section 3553(a) factors.  Mr. Farley's projected release date is January 25, 2021, less than five months away.  Def.'s Reply at 2.  Mr. Farley has served almost 95% of his fifteen year sentence.  Id. at 1.  The substantial time served of his original sentence adequately reflects the seriousness of the offense.  The government argues that Mr. Farley has not "sufficiently demonstrated that he is no longer a danger to public safety."  Gov't Opp. at 2.  As the defendant points out, this is belied by Mr. Farley's immaculate disciplinary record.  In the nearly fifteen years Mr. Farley has been in prison, he has not had a single disciplinary infraction.  Def.'s Reply at 2.

Mr. Farley's underlying medical conditions and the status of COVID-19 at FCI Fort Dix constitute extraordinary and compelling circumstances warranting a sentence reduction.  In addition, Mr. Farley's sentence reduction is consistent with the factors set out in Section 3553(a) considering the substantial time Mr. Farley has already served without a single disciplinary infraction.  The Court will grant Mr. Farley's motion for compassionate release.  For the foregoing reasons, it is hereby

ORDERED that pursuant to the authority vested in this Court to reduce a previously imposed term of imprisonment under 18 U.S.C § 3582(c)(1)(A), defendant's Pro Se Motion for Compassionate Release [Dkt. No. 227] is GRANTED; and it is

      FURTHER ORDERED that (1) the term of 180 months of imprisonment on Count One as set forth in the original judgment dated June 30, 2009, is hereby reduced to a sentence of TIME SERVED; (2) the defendant shall be released as soon as is practicable; (3) the defendant shall notify the Probation Office of the address where he plans to reside upon release; and (4) the defendant shall abide by all of the conditions of supervised release set forth in the original judgment.

      SO ORDERED.

                                                                                 _____
                                                                                PAUL L. FRIEDMAN
                                                                                United States District Judge

DATE:  August 13, 2020